

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JACQUELINE L. OMARI and CHARLES M. OMARI, Petitioners, | § § § § | |
| v. | § § | NO. 3:11-CV-01375-O (BF) |
| JANET A. NAPOLITANO, Secretary Department of Homeland Security, and EMILIO T. GONZALEZ, Director United States Citizenship and Immigration Services, Defendants. | § § § § § § § § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §636(b), this case has been referred to the United States Magistrate Judge for pretrial management. Before the Court is Defendants' Janet A. Napolitano, Secretary of the Department of Homeland Security, and Emilio T. Gonzalez, Director of United States Citizenship and Immigration Services, ("Defendants") Motion to Dismiss Complaint as Moot with Memorandum Brief (doc. 14, "Motion to Dismiss"), filed on November 14, 2011. The findings, conclusions and recommendation of the United States Magistrate Judge follow:

### FINDINGS AND CONCLUSIONS:

Petitioner Charles Omari ("Charles") is a Kenyan national who filed a Form I-485 Application for Adjustment of Status and is now awaiting a hearing before the Immigration Court regarding his removal from the United States. Petitioner Jacqueline Omari ("Jacqueline") is a United States Citizen who filed a Form I-130 Petition for Alien Relative. Charles and

Jacqueline seek a writ of mandamus to compel Defendants to adjudicate their applications within thirty days.

STATEMENT OF FACTS[1]

Charles is an adult male, a native and citizen of Kenya, who entered the United States legally on October 20, 2005 as a B-2 Nonimmigrant Visitor. Charles entered through Baltimore, Maryland and was authorized to remain temporarily in the United States until April 19, 2006. On August 17, 2009, Charles filed a Form I-485 Application for Adjustment of Status ("Form I-485") seeking to gain permanent legal residency through his marriage to Jacqueline. Jacqueline concurrently filed a Form I-130 Petition for Alien Relative ("Form I-130") on behalf of Charles. On June 23, 2011, Charles and Jacqueline filed a Petition for Writ of Mandamus and Complaint for Declaratory and Injunctive Relief ("Petition"). Doc. 2.

On September 27, 2011, Jacqueline withdrew her Form I-130 in writing before an Immigration Services Officer. On October 18, 2011, United States Citizenship and Immigration Services ("USCIS") mailed written acknowledgment to Jacqueline of her withdrawal of the Form I-130. The acknowledgment also stated that due to her withdrawal of the Form I-130, all action on the application was terminated. On that same date, USCIS also mailed their decision denying Form I-485 to Charles. The decision stated that Charles was ineligible for permanent legal residency because the underlying Form I-130 was withdrawn and he was not able to establish that an immigrant visa was immediately available pursuant to 8 C.F.R. Part 245.1.[2] On October 18,

---

[1] The facts are taken from the Defendants' Motion to Dismiss. Charles and Jacqueline failed to file a response and thus the facts are undisputed.

[2] "Any alien who is physically present in the United States . . . may apply for adjustment of status to that of a lawful permanent resident of the United States if the applicant is eligible to

2

2011, USCIS also mailed Form I-862, a Notice to Appear in Removal Proceedings, to Charles and served it on him by certified mail.

MOTION TO DISMISS

Defendants seek dismissal of the Petition for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1). In Defendants' Motion to Dismiss, they argue that the District Court lacks jurisdiction because there is no case or controversy to decide and thus the Petition is now moot. This Court agrees.

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). Under 28 U.S.C. §1361, the "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

Jacqueline and Charles filed their Petition based on their respective applications, Form I-130 and Form I-485. Subsequently, Jacqueline withdrew her Form I-130, which then caused Charles' Form I-485 to be denied. Neither of their applications are now pending, and there is no duty owed to them by Defendants. Thus, there is neither statutory power nor a case or controversy, and the Petition is now moot. Where the question of mootness arises, the Court

---

receive an immigrant visa and an immigrant visa is immediately available at the time of filing of the application." 8 C.F.R. Part 245.1.

3

must resolve it before it can assume jurisdiction. *North Carolina v. Rice,* 404 U.S. 244, 246 (1971). If a controversy is moot, the trial courts lack subject matter jurisdiction. *Carr v. Saucier,* 582 F.2d 14, 15-16 (5th Cir. 1978).

For the foregoing reasons, this Court recommends that the District Court grant Defendants' Motion to Dismiss, and dismiss, without prejudice, Charles and Jacqueline's Petition.

SO RECOMMENDED, January 27, 2012.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).